UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20502-ALTONAGA

UNITED STATES OF AMERICA

vs.

LAMAR HAMILTON,

        Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court upon the Order of Referral from the Honorable Cecilia M. Altonaga [ECF No. 27] to conduct a Change of Plea Hearing for Defendant Lamar Hamilton. The Court having conducted the Change of Plea Hearing on April 21, 2025, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

1. The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing and would make all findings and rulings concerning Defendant's sentence and decide whether to accept the Government's recommendations as to sentencing.

2. Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3.       Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4.       The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5.       The parties have entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and Defendant acknowledged on the record that he had signed and understood it.

6.       Defendant pleaded guilty to Count 3 of the Indictment, which charges the Defendant with bank fraud, in violation of Title 18, United States Code, Section 1344, to Count 6 of the Indictment, which charges the Defendant with aggravated identify theft in violation of Title 18, United States Code, Section 1028A(a)(1), and to Count 8 of the Indictment, which charges the Defendant with use of unauthorized access devices in violation of Title 18, United States Code, Section 1029(a)(2).

7.       The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offenses to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offenses.

8.      Further, the Court reviewed with Defendant the possible maximum penalties for the charged offenses. Defendant acknowledged that he understood these possible penalties. Defendant was advised that that as to Count 3, the Court may impose a term of imprisonment of up to thirty (30) years, followed by a term of supervised release of up to five (5) years, and a fine of up to $1,000,000 or twice the gross gain or twice the gross loss. Defendant also understands and acknowledges that as to Count 6, the Court must impose a two (2) year mandatory term of imprisonment consecutive to any other term of imprisonment imposed for Counts 3 and 8, followed by a term of supervised release of up to one (1) year, and a fine of up to $250,000. Defendant also understands and acknowledges that as to Count 8, the Court may impose a term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years, and a fine of up to $250,000. Defendant also understands and acknowledges that the Court may also order forfeiture and restitution. Defendant further understood that, in addition to any sentence imposed, a special assessment in the amount of $300 will be imposed.

9.      The defendant agreed, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations of 18 U.S.C. § 1344 and overall fraud scheme, pursuant to 18 U.S.C. § 982(a)(2)(A) and the provisions of 21 U.S.C. § 853. Defendant further agreed, in an individual and any other capacity, to forfeit to the United States, any right, title, and interest to any personal property used or intended to be used in the commission of the offense in violation of 18 U.S.C. § 1029, pursuant to 18 U.S.C. § 1029(c)(1)(C), and any property constituting, or derived from, proceeds Defendant obtained directly or indirectly, as the result of such violation, pursuant to 18 U.S.C. § 982(a)(2)(B) and the provisions of 21 U.S.C. § 853.

10. The defendant knowingly and voluntarily agreed to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution.

11. Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford Defendant the right to appeal his sentence. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant waived all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant acknowledged that he had discussed the appeal waiver set forth in the plea agreement with his attorney. The Court finds that Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above is knowing and voluntary.

12. Defendant acknowledged that he had reviewed the Indictment, discussed the charges against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

13. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Counts 3, 6, and 8 of the Indictment and that Defendant be adjudicated guilty of the offenses charged.

14. A pre-sentence investigation report is being prepared. Sentencing will be set before Chief District Judge Cecilia M. Altonaga.

**CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Counts 3, 6, and 8 of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **THREE** days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 21st day of April, 2025.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **United States District Judge Cecilia M. Altonaga;**

**All Counsel of Record**